IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

BENJAMIN TILLMAN,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:20-00063

UNIT MANAGER B. HUFFMAN, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United
States Magistrate Judge Omar J. Aboulhosn for submission of
findings and recommendation regarding disposition pursuant to 28
U.S.C. § 636(b)(1)(B).  Magistrate Judge Aboulhosn submitted to
the court his Proposed Findings and Recommendation ("PF&R") on
May 28, 2020, in which he recommended that the court deny
plaintiff's motion to proceed without prepayment of fees or
costs (ECF No. 1); dismiss plaintiff's complaint (ECF No. 2);
deny as moot plaintiff's motion for summary judgment (ECF No.
11); and remove this matter from the court's docket.  (See ECF
No. 12.)

In accordance with the provisions of 28 U.S.C. § 636(b),
the parties were allotted fourteen days and three mailing days
in which to file any objections to the PF&R.  The failure of any
party to file such objections within the time allowed

constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Plaintiff timely filed objections.  (See ECF No. 14.)

I.   **Background**

This is a Bivens action[1] in which plaintiff's complaint, liberally construed, asserts that federal prison officials have violated his rights by (1) rendering the grievance process ineffective to him; (2) harassing him with unnecessary cell inspections; (3) and retaliating against him for filing grievances.  His claims focus on alleged mistreatment by defendant Unit Manager B. Huffman ("Huffman"), who allegedly conducted unnecessary cell inspections and confiscated plaintiff's property without the requisite paperwork.  Plaintiff says that the other defendants have failed to investigate and intervene in response to his multiple grievances.

II.  **Plaintiff's Objections**

Plaintiff makes five objections:

1. The PF&R incorrectly describes the procedural path that one of plaintiff's grievances took.

2. The PF&R mischaracterizes plaintiff's efforts to pursue his administrative remedies.

---

[1] See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971)

3. The PF&R erroneously finds that plaintiff did not
   properly or fully pursue all of his administrative
   remedies.

4. The PF&R incorrectly finds that plaintiff fails to
   state a <u>Bivens</u> claim for violation of the Eighth
   Amendment.

5. The PF&R's incorrectly finds that <u>Bivens</u> should not be
   extended to the new context of plaintiff's First
   Amendment retaliation claim.

**III.** <u>**Standard of Review of Pro Se Objections**</u>

Pursuant to Fed. R. Civ. P. 72(b), the court must "make a
de novo determination upon the record . . . of any portion of
the magistrate judge's disposition to which specific written
objection has been made."  However, the court is not required to
review, under a de novo or any other standard, the factual or
legal conclusions of the magistrate judge as to those portions
of the findings or recommendation to which no objections are
addressed.  See <u>Thomas v. Arn</u>, 474 U.S. 140, 149-50 (1985).

Furthermore, de novo review is not required and is
unnecessary "when a party makes general and conclusory
objections that do not direct the court to a specific error in
the magistrate's proposed findings and recommendations."
<u>Orpiano v. Johnson</u>, 687 F.2d 44, 47-48 (4th Cir. 1982); <u>see also</u>
<u>United States v. Midgette</u>, 478 F.3d 616, 622 (4th Cir. 2007)

3

("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) ("[F]ailure to file a specific objection constitutes a waiver of the right to *de novo* review.").

"A document filed *pro se* is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Specifically as to objections to a PF&R, courts are "under an obligation to read a *pro se* litigant's objections broadly rather than narrowly."  Beck v. Comm'r of Internal Revenue Serv., 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997) (citing Orpiano, 687 F.2d at 48).  However, objections that are "unresponsive to the reasoning contained in the PF&R" are irrelevant and must be overruled. Kesterson v. Toler, 2009 WL 2060090, at *1 (S.D.W. Va. July 7, 2009) (citing Orpiano, 687 F.2d at 47).

## IV.  **Discussion**

Plaintiff challenges the PF&R both in its description of the facts and in its conclusions regarding the law.  His objections lack merit.  Additionally, most of his objections (all except the fourth one) also fail because, even if well taken, they would not change the conclusion.

4

**a. Objection 1**

Plaintiff objects to the PF&R's description of the background of the grievances he filed.  The PF&R states that plaintiff sent one of his grievance appeals to the Central Office, not the Regional Office.  Plaintiff says that this is incorrect.  He says that, in fact, he sent it to the Regional Office.  However, the exhibit that plaintiff cites to prove his version of his grievance history is for a different remedy number than the one that the PF&R describes.  Having reviewed the exhibits upon which plaintiff relies, the court finds that the PF&R's description is accurate.

Moreover, even if plaintiff were correct, nothing would change because in no objection does plaintiff challenge the portion of the PF&R explaining that he has no constitutional right to participate in grievance procedures.  See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).  Plaintiff alleges that defendants have wrongfully thwarted the effectiveness of the grievance process by lying in response to his grievances, failing to conduct interviews or investigate, and placing him on "the Merry-go-Round."  (ECF No. 3, at 5-6.)  Under Adams, these alleged facts do not describe a constitutional violation.  Because no federal constitutional provision entitles plaintiff to an effective grievance process, plaintiff cannot state a Bivens claim.

Therefore, this objection is **OVERRULED**.

**b. Objection 2**

In the same vein as the first objection, plaintiff next objects that the PF&R "undermines and misapplies" his efforts to pursue his administrative remedies. (ECF No. 14, at 2.) He further says that the court must intervene in a case like this one because failure to do so "can lead to a case like 'Jeffrey Epstein.'" (Id. at 2-3.)[2] He appears to suggest that the court should stretch the law to allow his claim and thereby give the Fourth Circuit an opportunity to change the law. Finally, he appears to suggest that PF&R "stipulated" that his claim must be adjudicated on the merits. (Id. at 3.)

This objection fails because, as explained above, even if it had merit, it would not change the reality that federal law does not legally entitle prisoners to an effective grievance process. See Adams, 40 F.3d at 75; Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017) ("Adams establishes a clear rule: inmates have no constitutional entitlement or due process interest in access to a grievance procedure.").

Notwithstanding plaintiff's invocation of the death of Jeffrey Epstein, the court must follow the law. Further, the PF&R did not stipulate to anything, let alone to adjudicate

---

[2] This is one of three references to the death of Jeffrey Epstein in plaintiff's objections.

plaintiff's claim on the merits.  The PF&R proposed findings and
made a recommendation.  It (correctly) concluded that
plaintiff's claim fails because the right he alleges does not
exist; for good measure, it also explained why his claim would
fail even if the right did exist.

Therefore, this objection is **OVERRULED**.

### c. Objection 3

Plaintiff next objects that the PF&R "set forth some
'Frivolous' allegations":  that plaintiff's exhibits show that
he did not properly or fully pursue his administrative remedies.
(ECF No. 14, at 3.)  Plaintiff objects that the PF&R "overlooks"
the fact that BOP personnel "all know each other" and that there
is nothing he can do when they wrongfully deny that he submitted
his grievances properly.  (Id. at 3-4.)  He says that he
"respected the Administrative process" and was fully diligent in
pursuing his administrative remedies.  (Id.)  He cites case law
regarding administrative exhaustion sufficiency to support his
claim that he sufficiently pursued his remedies.

Plaintiff also contests the PF&R's description of the
procedural history of his three administrative remedies.  As to
remedy no. 990274, he contends that he did file at the
administrative level, opening remedy no. 993973, and then
appealed.  He contends that there was a "cover-up" in the
administrative process when the regional office denied receiving

7

the Warden's rejection in no. 993973.  (<u>Id.</u> at 5.)  As to no.
993973, he clarifies that there was a "twist" in that one remedy
number was "converted" into another one.  (<u>Id.</u> at 5-6.)  As to
994207, he says that he was "completely obstructed by the
[W]arden's office," so he tried to appeal to the Central Office,
which "put a 'cap' on this matter."  (<u>Id.</u> at 6.)  He concludes
that the Bureau of Prisons has "framed" him to make it look like
he has not diligently pursued his administrative remedies.
(<u>Id.</u>)  He also suggests that the Bureau of Prisons regularly
tampers with grievances when they are against the "wrong"
employee or prison.  (<u>Id.</u> at 7.)

     First, the PF&R proposed findings and made a
recommendation; it did not set forth allegations.  The court has
reviewed the exhibits carefully and finds that the PF&R
accurately described the facts relating to plaintiff's grievance
process.  In defending his diligence, plaintiff appears to
conflate exhaustion of his administrative remedies with the
existence of a cause of action for denial of an effective
grievance process under <u>Bivens</u>.  Plaintiff's contention that he
was diligent in pursuing his administrative remedies, even if
true, does not mean that he has a <u>Bivens</u> claim.  For the reasons
explained above, even if the PF&R erred in its description of
the grievance process, such an error would not change the
outcome.

Therefore, this objection is **OVERRULED.**

**d. Objection 4**

Plaintiff next objects to the PF&R's conclusion that he fails to state a <u>Bivens</u> claim for violation of his rights under the Eighth Amendment.  He clarifies that his claim is not just about cell inspections, but about pretextual cell inspections meant to harass him.  He says that Huffman is well-known for acts of deliberate indifference to other misdeeds and asks the court to inquire into her personnel file.

Further, plaintiff says that he states a claim for deliberate indifference to his health and safety because Huffman inspects the cells of inmates "she dislikes for personal reasons," confiscates personal property without the proper forms to do so, and writes incident reports that have the effect of denying inmates advantages such as transfer to facilities closer to family.  (<u>Id.</u> at 8.)  He says that this amounts to actionable "'emotional injury' and/or 'mental injury.'"  (<u>Id.</u>)  Further, he says that Huffman's cell inspections result in discipline such as being sent to the "SHU."  (<u>Id.</u>)  He says that Huffman's actions are unlike the actions of other Unit Managers, who do not make rounds like she does.  He says that Huffman has cursed him out in front of other inmates and that she once announced that he had filed a grievance against her, which made other inmates unhappy with him.  He says that in light of all of this,

9

he "clearly stated a constitutional claim, especially since the B.O.P. employees did <u>no investigation or interviews</u> to resolve this outrageous conduct."  (<u>Id.</u> at 9.)

Further, he says that the daily stress of wondering how Huffman will get him in trouble next "is all <u>emotional</u>, <u>mental</u> and <u>serious injury</u>."  (<u>Id.</u> at 10.)  He says that he sometimes has to miss lunch to avoid Huffman, which is a "sacrifice." (<u>Id.</u> at 10-11.)  To support his conclusion, he asks, "[W]hat if this matter would have resulted like a 'Jeffrey Epstein' Death?" (<u>Id.</u> at 10.)

"In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'"  <u>Strickler v. Waters</u>, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting <u>Williams v. Griffin</u>, 952 F.2d 820, 824 (4th Cir.1991)).  Under the first prong, which is objective, the deprivation must be a serious one.  <u>See</u> <u>King v. Rubenstein</u>, 825 F.3d 206, 218 (4th Cir. 2016).

Plaintiff's claim fails at step one of the above test because the allegations do not describe a serious deprivation of a basic human need.  Plaintiff's allegations that he has endured unnecessary stress from unnecessary cell inspections and

confiscation of property simply do not amount to cruel and
unusual punishment.

Therefore, this objection is **OVERRULED.**

**e. Objection 5**

Finally, plaintiff objects to the PF&R's finding that
Bivens should not be extended to the new context of his First
Amendment retaliation claim.  First, he says he has newly
discovered evidence to support his claim:  He alleges that
defendant Huffman (1) caused his daughter and his friend to be
"deleted" from his list of approved visitors after defendant
filed this lawsuit; and (2) "allowed and/or secured the
'increasement'" of his Custody Classification points and caused
him to have a rating of "poor" for program participation.  (Id.
at 11-12.)

Next, he challenges the court's legal analysis.  He argues
that he does not have alternative remedies, and that the PF&R's
finding to the contrary is "Frivolous, unfounded, and misapplied
in these proceedings."  (Id. at 12-13.)  He also disputes the
PF&R's finding that expanding Bivens to this new context will
result in more litigation and its accompanying burdens.  He
appears to cite Ziglar v. Abbasi, 137 S. Ct. 1843 (2017) in
support of the proposition that litigation will not increase
because Ziglar's test for whether Bivens should be expanded to a

11

new context is demanding.[3]  Plaintiff also says that prison staff rarely violate prisoners' First Amendment rights and that his claim is exceptional.  Plaintiff further rejects the PF&R's consideration of costs to the government, essentially saying that this factor should be irrelevant.

The Fourth Circuit recently took up whether <u>Bivens</u> should be expanded to the context of prisoners' claims that prison officials have violated their First Amendment rights by retaliating against them for filing grievances.  See <u>Earle v. Shreves</u>, No. 19-6655, 2021 WL 896399, at *1 (4th Cir. Mar. 10, 2021).  In a published opinion, it held that that because special factors counsel hesitation, <u>Bivens</u> should not be expanded to such claims.  <u>Id.</u> at *5.  This binding authority is directly on point, and in light of it, plaintiff cannot proceed on his retaliation claim.

Therefore, this objection is **OVERRULED**.

V.   <u>**Conclusion**</u>

The court has reviewed the record, the Magistrate Judge's findings and recommendations, and plaintiff's objections.  For the reasons discussed above, plaintiff's objections are **OVERRULED**.

---

[3] This argument is self-defeating.  It proposes that this claim should be allowed under <u>Ziglar</u> because <u>Ziglar</u> will disallow most claims.

The court adopts the Findings and Recommendation of Magistrate Judge Aboulhosn as follows:

1. Plaintiff's motion to proceed without prepayment of fees or costs (ECF No. 1) is **DENIED;**

2. Plaintiff's complaint (ECF No. 2) is **DISMISSED;**

3. Plaintiff's motion for summary judgment (ECF No. 11) is **DENIED** as moot; and

4. The Clerk is directed to remove this case from the court's active docket.[4]

The Clerk is further directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 26th day of March, 2021.

ENTER:

David A. Faber
Senior United States District Judge

---

[4] Plaintiff's motion for appointment of counsel (ECF No. 13) is also **DENIED** as moot.